## LEE v. WESTERN ELECTRIC CO.

(Supreme Court, Appellate Division, First Department.   December, 3, 1909.)

1. MASTER AND SERVANT (§ 182*)—EMPLOYER'S LIABILITY ACT—"SUPERINTENDENT"—ELEVATOR OPERATOR.

   The operator of an elevator used by employés is not a "superintendent," within the employer's liability act (Laws 1902, p. 1748, c. 600).

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 371; Dec. Dig. § 182.*

   For other definitions, see Words and Phrases, vol. 7, pp. 6792–6793.]

2. MASTER AND SERVANT (§ 276*)—INJURY TO SERVANT—ACTION—EVIDENCE.

   Evidence *held* not to show that an accident to an employé on an elevator was caused by overcrowding the car.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 951; Dec. Dig. § 276.*]

Appeal from Trial Term, New York County.

Action by Frank T. Lee against the Western Electric Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals.   Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, LAUGHLIN, and CLARKE, JJ.

William A. Jones, Jr., for appellant.
William J. Lippman, for respondent.

INGRAHAM, J.   The defendant is a foreign corporation, occupying a building in the city of New York in which it carries on its business of manufacturing telephones and electrical apparatus.   The plaintiff was in the employ of the defendant as an inspector of the articles manufactured.   The defendant maintained in this building an elevator, which was used by its employés.   On the 26th of November, 1906, about half past 12, the plaintiff entered the elevator at the ground floor.   The complaint alleges that the persons in charge of this elevator allowed a large number of persons to enter it, more than the elevator could conveniently carry; that the plaintiff was crowded into a corner against one of the gates, and when the elevator reached the fourth floor of the building plaintiff's left foot was pushed out under the gate by reason of the persons crowding against him, his foot caught between the floor of the elevator and a metal beam on the inside of the elevator shaft, and his foot was crushed and serious injuries were inflicted.   The negligence alleged is the leaving of a space between the floor of the elevator and the bottom of the gate, permitting the doorsill of the elevator shaft to project beyond the walls of said shaft, and permitting the elevator to become so crowded that the plaintiff's foot was pushed by said other persons beyond the edge of the floor of the elevator while the elevator was being operated.   The plaintiff served a notice on the defendant under the employer's liability act (chapter 600, p. 1748, Laws 1902).   The jury found a verdict for the plaintiff for $3,000.

The plaintiff testified that he had been using this elevator for something over a year before the accident; that it was a freight elevator,

seven feet square, with collapsible gates; that there were two of these gates, one in the front and one in the rear of the elevator; that when he entered the elevator at 12:40 p. m. on the 26th of November, 1906, the rear gate was closed and the front one was open, and there were one or two persons standing in it; that a number of persons were waiting to be carried up, and they crowded in, and plaintiff, being one of the first to get in, was crowded back against the rear closed gate; that after the crowd got on the elevator man said that some of them must get off in order to allow him to close the door, two or three persons got off, the door was closed, and the elevator started; that after the elevator had gone up some distance the operator ordered those therein to move back in the car, and they then crowded back; that the plaintiff's foot was pushed under the gate and caught in a beam that extended out into the shaft; that when he went into the car he stood in front of the inner gate; that he did not notice how his feet were placed; that they were in the car when it started, but he could not say whether they did not project under the gate at that time; that after that the operator asked the persons in the car to push back, and when they surged back the plaintiff's foot got under the gate, as he supposed by somebody hitting his foot; that he did not know how many people there were on the elevator. On behalf of the defendant it was testified that the capacity of the car was 4,000 pounds and about 25 people. No accident had ever happened on this car previously. The gate was collapsible, and when spread open, so as to close the entrance, the bottom of the gate was raised about 3 or 4 inches above the platform of the elevator, and when collapsed so that the entrance to the elevator was open it went down to the floor. It was such a gate as was usually installed in freight elevators.

It is quite clear that there was no negligence of any superintendent of the defendant, which would justify a recovery. The only question is whether or not there was any evidence to sustain a verdict that the defendant maintained a dangerous or insufficient apparatus. This elevator was protected by substantial gates, and the only possible objection to it is that there was a space when the gate was closed through which a person could put his foot. The court charged the jury as a matter of law that the defendant was bound not to permit the overcrowding of the elevator, and that if the defendant, through its operator, permitted a greater number of persons than was safe upon the elevator, and such a number that it overcrowded and imperiled the safety of those on the elevator, the defendant failed in its duty; and to this the defendant excepted. The defendant then requested the court to charge that there was no evidence from which the jury could find that there was any overcrowding of the car. That the court refused, and the defendant excepted. The court then charged, at the request of the defendant, that there was no proof of any defects in the elevator itself, its appurtenances, or appliances. The defendant then asked the court to charge that the elevator operator was not a superintendent within the meaning of the employer's liability act, which the court refused, and defendant excepted. The defendant then asked the court to charge that there was no liability under the employer's liability act, which request was refused, and defendant excepted.

It seems to me that this was error. The elevator operator was not a superintendent, within the meaning of the employer's liability act, and, while it would be true that in the operation of the elevator, as distinct from the other work in the building, the negligence of the operator might be the negligence of the defendant, so far as the number of persons upon the elevator was concerned, there was no evidence to show that it was overcrowded, or that the accident resulted from the number of persons in the elevator. The only evidence is that the elevator was constructed to carry 25 persons, and that there were not over that number on the elevator at the time of the accident. It would appear that the plaintiff voluntarily placed himself in front of this door, with the construction of which he was perfectly familiar. Just what caused him to put his foot under the gate of the elevator does not appear; but it is quite impossible to say that merely crowding him would have pushed his foot through this small space of 4 or 5 inches.

I do not think this judgment can be sustained, and it should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.